# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

TROY BUCHAN THAIN and DI ANN
THAIN,

               Debtors.

Case No. K05-01728-DMD
Chapter 13

**Filed On
12/7/06**

## MEMORANDUM RE FEE APPLICATION

       The debtors' attorney, Michael Heiser, has filed an application for allowance
of his attorney's fees and costs in this proceeding.  The application was duly noticed and no
objections have been filed.  The bankruptcy court, however, has an independent duty to
review fee applications of professionals in bankruptcy cases,[1] and may *sua sponte* "award
compensation that is less than the amount of compensation that is requested."[2]  Applying the
standards contained in 11 U.S.C. § 330  and AK LBR 2016-1 for fee awards, I feel that Mr.
Heiser's fees are excessive and should be reduced.

       The debtors filed a chapter 7 petition on October 13, 2005.  Their case was
converted to one under chapter 13 on May 1, 2006.  The debtors' amended chapter 13 plan
was confirmed on November 7, 2006.  This was not a complex case.  Post-conversion, Mr.
Heiser filed a chapter 13 plan on May 16, 2006.  He filed an amended plan on July 20, 2006,

---

[1] *In re Dorsett*, 297 B.R. 620, 624 (Bankr. E. D. Cal. 2003); 11 U.S.C. § 330(a); Fed. R. Bankr. P.
2017(b).  Under subsection (a)(1), professionals employed by the estate under § 327 may be awarded
reasonable compensation for "actual, necessary services" and "actual, necessary expenses."  Subsection
330(a)(4)(B) authorizes a court to award reasonable compensation to a debtor's attorney in a chapter 12 or
13 case "based on a consideration of the benefit and necessity of such services to the debtor" and other
factors.

[2] *Law Offices of David Boone v. Derham-Burke (In re Eliapo)*, 468 F.3d 592, 597 (9th Cir. 2006),
*citing* 11 U.S.C. § 330(a)(2).

and a notice of deadline to object to its confirmation was served the same day.  A motion to sell property free and clear was filed and noticed on July 25, 2006.  The motion to sell was granted after a brief hearing on August 17, 2006, and the amended plan was confirmed after a short hearing on November 7, 2006.  Mr. Heiser also filed a motion for judgment on the pleadings in an adversary proceeding and a response to the plaintiff's objection to that motion.[3]  The adversary proceeding was subsequently dismissed on stipulation of the parties.

Mr. Heiser requests an award of fees in the sum of $11,769.00 and costs of $1,016.93, for a total of $12,785.93.  After application of a retainer in the amount of $1,991.00, the balance remaining to be paid under the terms of the confirmed chapter 13 plan would be $10,794.93.  The itemization of fees attached to Mr. Heiser's application reflects that, of the requested fees, $2,271.00 is for services provided before the Thain's chapter 7 petition was filed, $3,273.00 is for services provided while the case was in chapter 7, and the balance of $6,225.00 is attributable to services rendered post-conversion to chapter 13.

Although the hourly rates charged by Mr. Heiser and his associate are lower than the rates charged by many other bankruptcy attorneys, the total amount of fees being requested for each phase of this bankruptcy case substantially exceeds the amounts that are typically charged by attorneys in similar chapter 13 cases.  Mr. Heiser's fee request is roughly $8,000.00 over the "deemed allowed" amounts permitted by local practice in this district.[4] The award requested by Mr. Heiser also exceeds the estimate for attorney's fees and costs

---

[3] *Fabry v. Thain*, Adv. No. K06-90009-DMD.

[4] Under AK LBR 2016-1(h)(2), attorney's fees and costs may be "deemed approved" on confirmation of a chapter 13 plan if the requested fees and costs do not exceed the amount stated in the confirmed plan and the amounts requested do not exceed $2,500 for fees and $250.00 for costs in consumer cases or $3,500 for fees and $350.00 for costs in business cases.

2

contained in the debtors' confirmed plan ($8,500.00). His fee application makes no showing of "extreme or unusual circumstances" which would justify a fee award in excess of the amount stated in the confirmed plan.[5]

I feel a reduction in fees is appropriate for several reasons. This wasn't a complicated case. There were no unusual or unique issues that would justify an award of this size. Additionally, many of the entries on the fee itemization appear to be for secretarial services,[6] or are for basic research to familiarize counsel with general bankruptcy issues.[7] Services of this nature are not chargeable to the debtors or the estate. Considering "the benefit and necessity" of the services Mr. Heiser provided to the debtors, I feel that a reasonable fee award would be $5,991.00. I have calculated this amount by allowing Mr. Heiser's pre-conversion services in a sum equal to his retainer ($1,991.00), allowing an award for his chapter 13 services equal to the "deemed allowed" amount for business chapter 13 bankruptcies ($3,500.00),[8] and awarding an additional $500.00 for services provided in the adversary proceeding. Mr. Heiser's requested costs ($1,016.93) would also be allowed. Adopting these calculations, the total of fees and costs awarded to Mr. Heiser would be

---

[5]AK LBR 2016-1(h)(1)(D).

[6]*See, e.g.,* entries on fee itemization for 10/12/05 ("Revise bankruptcy to add creditor names; prepare new matrix; prepare for electronic filing."); 7/19/06 (entry includes "obtain matrix and prepare for mailing."); 8/17/06 ("Arrange for scanning of stipulation to dismiss.").

[7]*See, e.g.,* entries on fee itemization for 10/9/05 (entry includes "research re: conversion from Chapter 7 to 13 and automatic stay."); 10/10/05 (entry includes "Research re: voluntary conversion to Chapter 13 bankruptcy."); 10/11/05 (more research re conversion from chapter 7 to 13); 7/13/06 (entry includes "research re: notice of sale of 4-plex."); 8/9/06 ("Research re: stipulations to dismiss adversary actions.")

[8]Fed. R. Bankr. P. 2016-1(h)(2)(D). A bankruptcy court may use presumptive fee guidelines established by local rule to determine a fee award, and may also consider whether a case contains extraordinary circumstances justifying a higher fee. *Eliapo*, 468 F.3d at 599-601.

$7,007.93.  After application of the retainer, the balance to be paid under the terms of the confirmed chapter 13 plan would be $5,016.93.

I propose an award of fees and costs consistent with these calculations. However, if a bankruptcy court intends to materially reduce a requested fee award, the fee applicant is first entitled to notice and an opportunity for hearing.[9]  An order will therefore be entered setting this matter on for hearing.

DATED: December 7, 2006

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  M. Heiser, Esq.
        D. Bruce, Esq.
        H. C. Keene, Esq.
        L. Compton, Trustee
        U. S. Trustee
                12/7/06

---

[9]*Eliapo*, 468 F.3d at 602; Fed. R. Bankr. P. 2017(b).

4